# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONALD DEMILLE BAKER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-177-JPG |
| | ) |
| **REBECCA TAMEZ, et al.,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, formerly an inmate in the Federal Work Camp in Marion, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such
>     relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

Plaintiff states that at his sentencing, the judge recommended that he be placed at a medical facility where he could receive treatment for his injuries, specifically, a gunshot to the head. Defendant Tamez later advised the judge that such a placement was not warranted, and that Plaintiff would receive appropriate medical treatment at Marion. Plaintiff alleges that since his arrival at Marion, Defendant Zoke (the clinical director) has done little to address his complaints of dizziness, pain, and ear drainage. He also alleges, vaguely, that his unit team has ignored many of his requests for medical care, and his grievances over this matter have been denied.

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007). Applying these standards to the allegations in the complaint, the Court is unable to dismiss the claim against Zoke at this time.

However, the fact that Tamez disregarded the judge's recommendation regarding prison assignment does not support a claim that she was deliberately indifferent to Plaintiff's medical

needs. Further, he makes no specific allegations against Shadowens; merely invoking the name of a potential defendant is the caption is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). As for his vague claims against unspecified members of his unit team, these allegations are simply too tenuous to support a constitutional claim.

## DISPOSITION

**IT IS HEREBY ORDERED** that Defendants **TAMEZ** and **SHADOWENS** are **DISMISSED** from this action with prejudice. Plaintiff is advised that, within the Seventh Circuit, dismissal of these claims and defendants count as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendant **ZOKE**, the **UNITED STATES ATTORNEY for the SOUTHERN DISTRICT of ILLINOIS** and **the ATTORNEY GENERAL of the UNITED STATES** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **3(THREE)** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **ZOKE**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint, including copies for the United States Attorney and the Attorney General, to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **ZOKE** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure, *and* on the United States Attorney for the Southern District of Illinois and the Attorney General of the United States, Washington, D.C., pursuant to Rule 4(i) of the Federal Rules of Civil Procedure. All costs of service shall be advanced by the United States. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Bureau of Prisons who no longer can be found at the work address provided by Plaintiff, the Bureau of Prisons shall furnish the Marshal with the defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the B.O.P. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file

the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

[**DRH alt:** Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for purposes of supervising discovery issues, with dispositive motions and motions for appointment of counsel to be handled by the undersigned district judge.]

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed

of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated: March 13, 2009.**

                                                       s/ J. Phil Gilbert
                                                    **U. S. District Judge**