IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONALD DEMILLE BAKER,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. **08-177-JPG-CJP** |
| **DR. ZOKE,** | ) ) ) |
| Defendant. | ) |

### REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the Court are plaintiff's Motion for Default Judgment and defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed.R.Civ.P. 4(m) and 12(b)(5). **(Docs. 13 & 17)**. Defendant responded to the motion for default at **Doc. 16**, and the pro se plaintiff filed a response to defendant's motion to dismiss at **Doc. 18.**

Plaintiff was formerly an inmate in the custody of the BOP, assigned to the Federal Work Camp at Marion. He is suing for violation of his constitutional rights, pursuant to ***Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).** He claims that defendant Dr. Szoke (incorrectly named in the complaint as "Zoke") was deliberately indifferent to his serious medical needs.

Szoke moves to dismiss because of insufficiency of process and failure to perfect service within the time allowed by Fed.R.Civ.P. 4(m). He points out that, because he is an officer or employee of the United States being sued in his individual capacity in connection with his duties for the United States, plaintiff was required to serve the U. S. Attorney for this District and the Attorney General. Rule 4(i)(3). However, plaintiff has failed to do so.

1

## Procedural History

Plaintiff is pro se and he has been granted leave to proceed in forma pauperis.  **See, Doc. 4.**  The Court conducted a preliminary review pursuant to 28 U.S.C. §1915A, and concluded that plaintiff stated a claim as to Szoke, but not as to two other named defendants.  The Court then gave directions regarding service; i.e., the Court directed the Clerk of Court to supply plaintiff with three USM-285 forms, and directed plaintiff to complete and return USM-285 forms for Szoke, the U. S. Attorney, and the Attorney General.  The Court informed plaintiff that "**service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**"  **Doc. 5, p. 3 (emphasis in original).**

Plaintiff completed and returned three USM-285 forms, but all three forms were for Szoke.  **See, docket entry dated April 6, 2009.**  The Clerk's office sent another copy of the threshold order and two more USM-285 forms to plaintiff.  **See, docket entry dated April 7, 2009**.  That mail was returned as undeliverable.  **See, Doc. 7**.  Plaintiff then notified the Court of his new address, and the Clerk sent him another copy of the threshold order and three USM-285 forms.

Dr. Szoke returned his executed waiver of service on October 2, 2009.  **Doc. 11.**  Because plaintiff had not returned the USM-285 forms for the U. S. Attorney or the Attorney General, a Notice of Impending Dismissal was entered at **Doc. 12**.  Almost seven months later, plaintiff filed his motion for default judgment as to Dr. Szoke.  **Doc. 13.**

## Analysis

First, it is clear that plaintiff is not entitled to default judgment against Dr. Szoke because Dr. Szoke has not been properly served.  Rule 4(i)(3) requires that the U. S. Attorney and the

2

Attorney General be served along with the individual employee or officer of the United States. Because service has not been perfected, plaintiff's Motion for Default Judgment **(Doc. 13)** should be denied.

Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed.R.Civ.P. 4(m) and 12(b)(5) **(Doc. 17)** should be granted.  In his response to the motion, plaintiff says only that he responded to the threshold order "to the best of his understanding."  **Doc. 18, ¶2**.

Because plaintiff is pro se and is proceeding in forma pauperis, he was entitled to rely on the Marshals Service to serve defendant.  ***Antonelli v. Sheahan*, 81 F.3d 1422, 1426 (7th Cir. 1996)**.  However, he was required to provide "the information necessary to identify the defendant."  ***Id.***  If a plaintiff has provided the necessary information, the failure to effectuate service is good cause to extend the Rule 4(m) period.  ***Id.*; see also, *Sellers v. U.S.*, 902 F.2d 598, 602-604 (7th Cir. 1990)**.  However, where the plaintiff fails to provide the necessary information, good cause does not exist to extend the period for service and dismissal is warranted.  ***Del Raine v. Williford*, 32 F.3d 1024, 1029-1031 (7th Cir. 1994).**

The threshold order clearly instructed plaintiff that the U.S. Attorney and the Attorney General must be served, and that he must return USM-285 forms for them.  The Court tried several times to prod plaintiff into returning the needed forms, but he failed to do so.  He also failed to respond to the notice of impending dismissal for almost seven months.  Under the circumstances presented here, the failure to effectuate service is the fault of plaintiff, and the time for service should not be extended.

### Recommendation

This Court recommends that plaintiff's Motion for Default Judgment **(Doc. 13)** be DENIED and that defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed.R.Civ.P. 4(m) and 12(b)(5) **(Doc. 17)** be **GRANTED**.

If this Recommendation is adopted in its entirety, no claims will remain pending.

**<u>Objections to this Report and Recommendation must be filed on or before November 29, 2010</u>**

Submitted: November 10, 2010.

<u>**s/ Clifford J. Proud**</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**